[No. 19215.  Department One.—January 25, 1894.]

# CHARLES A. LEE, APPELLANT, *v.* THE SOUTHERN PACIFIC RAILROAD CO., RESPONDENT.

NEGLIGENCE—DAMAGES—PROVINCE OF JURY—EXCESSIVE VERDICT.—In actions for negligence, the law does not attempt to fix any precise rules for ascertaining what is a just compensation, but from the necessity of the case, leaves the assessment of the damages to the good sense and judgment of the jury, whose province it is to make the assessment; and their verdict, though subject to review, will not be disturbed merely upon the ground that the damages are excessive, nor because the opinion of the court differs from that of the jury, unless it appears that the excess was given under the influence of passion or prejudice.

ID.—ORDER GRANTING A NEW TRIAL—DISCRETION.—The appellate court in reviewing the action of the court below, in granting a new trial for damages appearing to have been given under the influence of passion or prejudice, will not reverse the order merely because it differs from the trial court as to what would have been just compensation, unless the difference of opinion is such as to justify the conclusion that the court abused its discretion.

ID.—DEFECTIVE MACHINERY—ASSUMPTION OF RISK—KNOWLEDGE OF EMPLOYEE.—In order to constitute an asumption of the risk of defective machinery by an employee, such as to bar a recovery for personal injuries received therefrom, it is not only necessary that the employee should know of the defects in the machinery, but the danger arising from the defects must also be known or reasonably apprehended by him.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.

The facts are stated in the opinion of the court.

*Cole & Cole,* and *Del Valle & Munday,* for Appellant.

*John D. Bicknell,* for Respondent.

The COURT.—Action to recover damages for personal injuries. The plaintiff had judgment, and now appeals from an order granting defendant's motion for a new trial.

In the latter part of July, 1888, plaintiff was employed by defendant as a brakeman on a freight train, and continued in that service until November 13, 1888, when he sustained the injury complained of. At the time of the accident he was about twenty-three years of age,

had from childhood been in good health, and prior to his employment by defendant had no experience in railroad service.

The additional facts disclosed by the record, so far as necessary to be stated, are that on the day of the accident the train on which plaintiff was employed had barely time to reach Honby siding in time for the south-bound passenger train to pass. The "helper" engine was in front of the train engine, and when near the siding cut loose from the train and went ahead to couple to a flatcar on the sidetrack and push it forward so as to let the freight train in on the siding, plaintiff going with the helper to make the coupling. After he let the engine in on the siding he stepped upon the pilot to make the coupling, and as they were approaching the flatcar he stooped to raise the coupling-bar, and when it was partially raised the engine "jolted" in running over a defect in one of the rails, and caused his foot to slip off the bottom frame of the pilot; that the sidetrack was only partially ballasted, which permitted his foot to catch against a tie and prevented him from drawing it up, and that in consequence he was thrown off and one of the wheels of the engine ran over his leg, making it necessary to amputate it about four inches below the knee. He remained in the hospital seven months.

As to the condition of the track he testified in substance that it was only partially ballasted, leaving a part of the tie exposed against which his foot caught; that this sidetrack was about in the same condition as the others along the road, that they were made of refuse iron, "old rails that are hammered down and battered out, full of ridges and everything, . . . . full of hollows and ridges and chuck holes all through or all along in lots of places," that the track was pretty well grown over with weeds and grass, that he never run over a side-track that wasn't a mass of ruts and hollows all over it, and this was no exception to the rule.

Upon cross-examination he testified that all the side-

tracks were used, this, he supposed, as much as the others; that he thought he had been on it, but could not state positively; that he looked at it from the train lots of times as he went along there, the same as all the rest of them; knew it was there, saw it grown over with weeds, in a neglected condition; that he did not know of his own knowledge that there was any such defect in that rail, that he did not see the hole there in that rail. Other testimony tended to show that at that place there was a " chuck hole" eight or ten inches long and an inch to an inch and a half deep.

There was testimony on the part of the defendant tending to show that the sidetrack was in proper condition; but as the plaintiff's knowledge of the condition of the siding is principally involved, it is not necessary to state the defendant's testimony in this connection.

It seems to be conceded that the mode adopted by the plaintiff to make the coupling was usual and proper.

Plaintiff brought the action to recover for the injury upon the theory that through the negligence of the defendant its sidetrack was imperfectly constructed, defective, out of repair and unsafe. The jury returned a verdict for twenty-five thousand dollars damages.

The grounds upon which defendant's motion for a new trial was granted, as appears from the opinion of the court which is printed in the transcript, were: 1. That the damages were excessive; 2. That the injury suffered by plaintiff occurred while he was engaged in the business he was employed to perform, and that the accident which occasioned it resulted from the ordinary risks of such employment, the plaintiff being aware of the condition of the sidetrack where the accident occurred.

1. Subdivision 5 of section 657 of the Code of Civil Procedure permits new trials to be granted upon the ground of " excessive damages appearing to have been given under the influence of passion or prejudice." This provision has been in the statute since 1851, and has been frequently considered. *Aldrich* v. *Palmer*, 24 Cal.

516, is perhaps the leading case. (See, also, *Boyce* v. *California Stage Co.*, 25 Cal. 473; *Wheaton* v. *N. B. & M. R. R.*, 36 Cal. 591; *Wilson* v. *Fitch*, 41 Cal. 385; *Harris* v. *Zanone*, 93 Cal. 72.)

These cases hold that in actions of this character the law does not attempt to fix any precise rules for ascertaining what is a just compensation, but from the necessity of the case leaves the assessment of the damages to the good sense and unbiased judgment of the jury, whose province it is to make the assessment; that while the verdict in these cases, as in all others, is subject to review by the court, it will not be disturbed merely upon the ground that the damages are excessive, nor because the opinion of the court differs from that of the jury, but only where it appears that the excess has been given under the influence of passion or prejudice. Where this does appear it is as much the duty of the court to grant a new trial as it is where any of the other statutory grounds exist.

So the appellate court, in reviewing the action of the court below in granting a new trial upon this ground, will not reverse the order merely because it differs with the trial court as to what would have been just compensation, unless the difference of opinion is such as to justify the conclusion that the court abused its discretion, and upon this ground the order appealed from should be affirmed.

2. As to the second point discussed by the court in its opinion, to wit: the sufficiency of the evidence to support the verdict, we will pass it by without extended notice at this time.

The court viewed the evidence of the case in the light of the law it gave to the jury in the following instruction:

" 4. I instruct you that it is the duty of an employee of a railroad company to see that the machinery and appliances used by him are in repair, so far as this can be done by the exercise of such care and prudence as should be exercised by an ordinary careful and prudent

man engaged in such business, and if you believe that
the plaintiff in this case knew, or by the exercise of or-
dinary prudence and care should have known, the alleged
defect in the track before the happening of the accident,
and continued his work without objection, then he
assumed the risk, and cannot recover." This in-
struction is too broad. It is not only necessary that
an employee should know of the defect in the machin-
ery in order to hold that he assumed the risk, but the
danger arising from the defect must also be known or
reasonably apprehended by him. (*Tutrix* v. *Sellers &
Co.*, 39 La. Ann. 1019; *Cook* v. *St. Paul M. & M. Ry.*, 34
Minn. 47; *Russell* v. *Minn. & St. L. Ry.*, 32 Minn. 230;
*Wuotilla* v. *Duluth Lumber Co.*, 37 Minn. 153; *Sanborn*
v. *Madera Flume Co.*, 70 Cal. 261; Shearman & Redfield
on Negligence, 4th ed., sec. 212.) In the case of *Martin*
v. *California Central Ry. Co.*, 94 Cal. 326, this court goes
to still greater lengths, and declares the doctrine that
knowledge by the employee of both the defect in the
machinery and the danger arising therefrom do not in
all cases absolutely bar a recovery for personal injuries
received.

The order appealed from is affirmed.

Hearing in Bank denied.