[S. F. No. 1056.   Department One.—June 21, 1899.]

THOMAS ROCHE, Respondent, v. W. P. REDINGTON et al., Appellants.

NEGLIGENCE—INJURY OF STREET SWEEPER BY VEHICLE—INSTRUC-TION—SLIPPING OF WHEELS.—In an action to recover damages for personal injuries caused to the plaintiff while sweeping the street, by the negligent and too rapid driving of defendant's vehicle, which struck plaintiff with its wheels, where there is evidence tending to sustain the action, an instruction to the effect that it cannot be said that the mere slipping of the wheels upon the wet street-car track, while the driver was attempting to turn out to avoid striking the plaintiff, would not conclusively, or as matter of law, repel the imputation of negligence, is proper, and does not charge the jury with respect to matters of fact.

ID.—SUPPORT OF VERDICT—SUFFICIENCY OF EVIDENCE.—Where the evidence in such action, though conflicting upon some points, tended to show that the vehicle was driven with considerable speed almost onto the plaintiff, before the driver pulled the horse out of the street-car track, and that plaintiff was struck by the hind wheels of the vehicle, which held the track, and slewed forward, and that the injury was the result of want of ordinary care and prudence, if not of recklessness, on the part of the driver, and was without the fault of the plaintiff, who was not aware of his danger, the evidence is sufficient to justify a verdict for the plaintiff.

ID.—EXCESSIVE DAMAGES—REVIEW UPON APPEAL—PASSION OR PRE-JUDICE.—Where the evidence tends to show that the injury to the plaintiff was serious, and resulted in the permanent short-ening of a broken leg, and rendered plaintiff less able than formerly to do a day's work, and that he had not recovered at the time of the trial, and was then suffering pain from the injury, a year and a quarter thereafter, a verdict for damages, in the sum of four thousand dollars, cannot be said by this court to have been given as to any excess by the jury under the influence of passion or prejudice, on which ground alone can the amount of a verdict for damages be disturbed upon appeal, as excessive.

ID.—EVIDENCE—ABILITY TO EARN MONEY.—A question asked of the plaintiff, whether he had earned any money since the accident, or had been able to earn any money since, is not objectionable, where it appears from the evidence of plaintiff, in connection therewith, that the question related to his condition as the result of the accident.

APPEAL from a judgment of the Superior Court of the City

and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

Chickering, Thomas & Gregory, and Van Ness & Redman, for Appellants.

Charles F. Hanlon, for Respondent.

CHIPMAN C.—Action for personal injury. Trial by jury and verdict for plaintiff awarding him four thousand dollars' damages. Defendants appeal from the judgment upon the verdict and from the order denying motion for a new trial. On September 10, 1895, plaintiff was in the employ of the city and county of San Francisco as a street sweeper. An employee of defendants, in the course of his employment, was driving a business buggy or vehicle, drawn by one horse, along Kearny street, and while so driving the hub of one of the hind wheels of the vehicle struck plaintiff, breaking his thigh bone and otherwise seriously injuring him. The evidence tends to show that the driver of the vehicle, one Goddard, was the solicitor of defendants and was engaged in the discharge of his duties as such at the time of the accident; that plaintiff, about 10 o'clock A. M. of September 10th, was lawfully in the employ of the city, and was rightfully engaged in the discharge of his duties, and was standing near to, but just outside, the east rail of the west track on Kearny street, about thirty-five feet north of the north crossing of Jackson street, and was in the act of pushing the debris southwesterly from within the west track toward the west side of the street, with his back turned north toward Pacific street; he was an old man of seventy-three years, but in good general health and vigorous and strong for one of his age, and able to do a good and satisfactory day's work as a street sweeper. Goddard took the west track on Kearny street with his wagon at Pacific street, and drove at a speed of about five or six miles an hour toward Jackson street and where plaintiff was working; plaintiff's feet were outside the track, but he was stooping over and his head and body were over the track; at a distance of about two hundred feet from plaintiff, Goddard noticed plain-

tiff, and he testified that he called out to plaintiff, but plaintiff testified that he heard no call and no noise, although his hearing was good, until the horse was beside him. He straightened up and endeavored to protect himself with his broom, but the wagon struck him immediately, and so soon that it was not possible for him to get out of the way. Goddard did not slacken his pace as he approached plaintiff until he got quite near to him, when, observing that plaintiff did not move, he pulled his horse to the right out of the track and the hind wheels of the buggy held the track and "slewed" forward, one of them striking plaintiff, causing the injury; there was evidence tending to show that it had rained that morning and that the track was wet, but it was not raining at the time of the accident, and the evidence tended to show that it had not rained after 9 o'clock.

It is urged: 1. That the evidence does not justify the verdict; 2. That the verdict (four thousand dollars) is grossly excessive; and 3. That the court erred in instructing the jury and its rulings upon evidence.

1. The court instructed the jury as follows: "There has been considerable evidence in this case in respect to the weather at or prior to the time of the injury in question, relative to the track, whether it was wet or not. In respect to that matter I will instruct you that if you should find from the evidence that the driver of the defendant endeavored to avoid injuring the plaintiff by turning out of the railroad, roadbed, or place whereon he was driving, *and that, in consequence of the wet rails, or wet street, the wheels of the vehicle slipped, that such slipping would not conclusively repel any imputation of negligence.*" The words in italics present the part of the instruction claimed to be error. The court had just previously instructed the jury as to the definition of negligence and stated: "It [negligence] is always relative; that it to say, it depends entirely upon the nature of the situation and surroundings"; and the court followed the instruction complained of by the statement: "If the condition of the street is such that a prudent driver would exercise more care in driving through a public highway lest he should injure another, then the party driving is required to exercise such care; and that is what I mean by saying that negligence is relative in

its character, depending always upon the time, situation, and circumstances wherein the parties may be placed."

In the instruction complained of we think the court in effect instructed the jury that it cannot be said that the mere slipping of the wheels (if they find such slipping) as matter of law would repel the imputation of negligence. It was only another way of saying that the circumstance, if found to exist, would not justify a conclusive presumption, or show conclusively that there was no negligence. Such an instruction was proper and was not a violation of the constitutional prohibition to charge the jury with respect to matter of fact.

2. Upon some points the evidence was conflicting, but there was evidence tending to show that Goddard drove at considerable speed almost on to plaintiff before he pulled the horse out of the track, and that the injury was the result of want of ordinary care and prudence if not of recklessness on the part of the driver, and without the fault of plaintiff, who was oblivious of his danger. We think there was evidence sufficient to justify the verdict.

3. Defendant devotes much attention to the claim of excessive damages, and counsel on both sides have brought to our attention, with much industry, a large number of cases bearing upon this question. The injury to plaintiff was serious and resulted in a permanent shortening of the broken leg and in rendering plaintiff less able than formerly to do a day's work; he had not entirely recovered at the time of the trial and was then suffering pain from the injury. The attending physician, Dr. Kenyon, testified: "My best impression is, that it does not seem to me that this man will ever be able to do a fair day's work; . . . . it is now a year and a quarter since his injury, and he is not in a condition to-day to do that kind of work" (referring to such work as street sweeping). The rule in this class of cases has been many times stated in this court, and it is that while the verdict of the jury "is subject to review by the court, it will not be disturbed merely upon the ground that the damages are excessive, nor because the opinion of the court differs from that of the jury, but only where it appears that the excess has been given under the influence of passion or prejudice." (*Lee v. Southern Pac. R. R. Co.*, 101 Cal. 118.)

We cannot say that the verdict in this case was given under the influence of passion or prejudice.

4. The plaintiff was asked, and over defendants' objection was allowed to answer, the following question: "Have you earned any money since the accident, or been able to earn any money since?" It is urged that this was error because plaintiff's inability to earn money might have had no connection with the accident. I think it appears from the evidence of the plaintiff given before and after this question that it had reference to his condition as the result of the accident.

Discovering no reversible error, it is advised that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.