[Sac. No. 1853.   Department One.—January 9, 1911.]

## MAY M. ROBINSON, Appellant, v. J. L. ROBINSON, Respondent.

DIVORCE—WITNESS FALSE IN PART OF TESTIMONY.—The rule declared by section 2061 of the Code of Civil Procedure, that "a witness false in one part of his testimony is to be distrusted in others," is solely for the guidance of the trial court in weighing the evidence, and has no pertinency in an appellate court.

ID.—FINDING OF TRIAL COURT AS TO CRUELTY.—In determining the question whether acts and conduct constitute such cruelty as, under all the circumstances shown, warrants the granting of a divorce, the conclusion of the trial court is necessarily entitled to great weight, and it will be disturbed on appeal only where it is clear that it is without any substantial support in the evidence.

ID.—EVIDENCE—MEANING OF WORDS USED—CONCLUSION OF WITNESS.— The plaintiff in an action for divorce on the ground of extreme cruelty cannot state her conclusion as to the meaning the defendant intended to convey by certain statements made to her. After giving the substance of such statements, the determination of their meaning was for the trial court.

ID.—STATEMENT TO THIRD PERSON—RES GESTÆ.—In such action, statements made by the plaintiff, to a third person, in the absence of the defendant, as to the cause of certain bruises on her arm, are not part of the *res gestœ*, and are incompetent.

APPEAL from a judgment of the Superior Court of Kings County and from an order refusing a new trial.   John G. Covert, Judge.

The facts are stated in the opinion of the court.

Robert W. Miller, for Appellant.

E. T. Cosper, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment denying her prayer for divorce, and from an order denying her motion for a new trial of the action. The alleged ground of divorce was extreme cruelty of the defendant. It is urged in support of the claim for reversal that certain findings are not sustained by the evidence, and that the court erred in certain rulings in the matter of admission and exclusion of evidence.

As to the question of sufficiency of evidence to sustain the findings. of the trial court, it is not questioned by plaintiff that we are bound by the well-established rule that the decision of the trial court upon issues of fact is conclusive upon us in so far as there is any substantial evidence tending fairly to support such decision, even though we may think that a different conclusion should have been arrived at. It is suggested, however, that an analysis of the testimony of defendant as shown by the record makes it appear that some of defendant's evidence was false, and that we must therefore consider his whole evidence in the light of the rule declared by section 2061 of the Code of Civil Procedure, that "a witness false in one part of his testimony is to be distrusted in others." If we assume this claim as to what the record shows to be well founded, it still remains that the rule relied on is one solely for the guidance of the trial court and can have no pertinency in an appellate court. The trial court was the exclusive judge of all questions of credibility of witnesses and weight of evidence, and must be assumed to have considered all the evidence given in the light of such rules as are laid down by the law for the guidance of court and jury in the determination of questions of fact. It should further be borne in mind that the question whether acts and conduct constitute such cruelty as, under all the circumstances shown, warrants the granting of a divorce, is of such a nature that the conclusion of the trial court is necessarily entitled to great weight, and it is only where it is clear that it is without any substantial support in the evidence that it will be disturbed on appeal.

In the light of the foregoing it cannot be held that the material findings attacked are not sufficiently sustained by evidence. We feel that no useful purpose would be subserved by a discussion of the evidence given upon the matters embraced in the findings that are attacked by· learned counsel in his brief as being without support. Suffice it to say that, in our judgment, findings 5, 6, 7, 8, 14, 17, 20, and 23 have sufficient legal support in the evidence, and that there is in the bill of exceptions no specification of insufficiency as to findings 15, 24, and 25.

The trial court did not err in excluding from evidence the conclusions of the plaintiff as to the meaning defendant intended to convey by certain statements made to her. She was allowed to state fully the substance of what he said, and it was for the trial court to determine the meaning thereof from the words used and the circumstances under which they were spoken.

There was no error in excluding the statement made by plaintiff to Miss Liggett, in the absence of defendant, as to the cause of certain bruises on her arm. Such statement was no part of the *res gestœ* and, so far as we can see, was incompetent for any purpose.

We find nothing in the direct examination of defendant's mother to render proper cross-examination the question asked her "Do you think Mr. Robinson was jealous of her?" The ruling of the court sustaining the objection thereto was correct.

There is no other point made in the brief of counsel for appellant that requires notice here.

The judgment and order appealed from are affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.