[Civ. No. 3270. First Appellate District, Division Two.—February 19, 1920.]

MABEL E. HUCHTING, Appellant, v. ARNOLD F. HUCHTING, Respondent.

[1] DIVORCE—CRUELTY—CONCLUSION OF TRIAL COURT—EVIDENCE—APPEAL.—The question whether acts and conduct constitute such cruelty as, under all the circumstances shown, warrants the granting of a divorce is of such a nature that the conclusion of the trial court which had all the witnesses before it, is necessarily entitled to great weight, and it is only where it is clear that it is without any substantial support in the evidence that it will be disturbed on appeal.

[2] ID.—SUFFICIENCY OF EVIDENCE TO SHOW CRUELTY.—In this action by the wife for divorce upon the ground of cruelty, and in which the husband cross-complained upon the same ground, there was sufficient uncontradicted evidence to support the conclusion of the trial court that plaintiff had not conducted herself in a wifely manner and that such conduct hurt defendant's feelings and caused him mental suffering arising, no doubt, from humiliation in being cast off by his young wife, but sufficient to constitute what is known as cruelty.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Durelle F. Glidden for Appellant.

James E. Wadham, Leonard Wright and Wadham & Macomber for Respondent.

---

2. Habits or course of conduct of spouse as cruelty warranting divorce, note, Ann. Cas. 1918B, 480, 500.

NOURSE, J.—Plaintiff instituted this suit for divorce against her husband on the ground of cruelty. The defendant cross-complained upon the same grounds. A decree was entered against the plaintiff upon her complaint and in favor of defendant upon his cross-complaint, and the custody of the two minor children of the parties was awarded to the plaintiff and defendant for alternate periods of six months each. Plaintiff appeals upon the grounds that the evidence was sufficient to support a decree in her favor upon her complaint, and that it was insufficient to support the decree in favor of the defendant. No objection is made to the award of the custody of the children or to the failure of the trial court to dispose of the community property of the respective parties.

The facts of the case generally are that plaintiff and defendant intermarried in 1908, she being of the age of sixteen years and he of the age of thirty years. They took up their home on a farm in San Diego County, where he performed the ordinary duties of a farmer and she performed the housework, taking care of her children and cooking for the family and farm-hands. The specifications of cruelty in the complaint are that the defendant compelled her to perform unusually arduous duties in and about the farm, that he neglected and manifested little interest in the welfare of the children, that he continually chided and scolded her about her attending dances and parties with other young people of the neighborhood, and, not being interested in or associated with her in these functions, complained that she disturbed his sleep when she returned to the home late at night. There was also some evidence on behalf of the plaintiff to the effect that defendant made threats to end his life because of the differences in the family, but these, apparently, were not taken seriously by the trial court. The specifications of cruelty relied upon by defendant in his cross-complaint are that the plaintiff spent too much of her time in attending dances and parties with her friends, and that she was unduly attentive to a young man who was in his employ, thereby causing gossip in the neighborhood, which, coming to his ears, caused him great mental suffering.

An examination of the entire record presents a case where, through the disparity of ages of the parties, the relations

were uncongenial almost from the date of their marriage, and neither party being interested in the affairs of the other, both became intolerant and magnified each little frivolity that occurred, so that when these were discussed with their relatives and friends they became offenses which eventually rendered it impossible for the two to live together as man and wife. The evidence produced at the trial is like that which is common to actions of this nature where the relatives and friends of one party line up solidly behind him and against the other, all being anxious to testify on behalf of the leader of the faction with which they have associated, with very little regard for the truth so long as their testimony will assist the party with whom they have aligned. Thus, the members of the family, relatives, and friends of the plaintiff were positive in their conviction that she was a good and true wife and mother and that all of the fault for the breach was attributable to the husband. And the family, relatives, and friends of the husband took a like attitude when called to support his side of the case. It appears that in October, 1916, the plaintiff, with defendant's consent, went to Utah to visit her father, and that in January, 1917, while still there, addressed a letter to the defendant telling him that she could no longer live with him. Notwithstanding this attitude on the part of the plaintiff, defendant testified that he was always willing to take her back to his home and wrote her to that effect, but when she returned to San Diego County in February, 1917, he called upon her in the presence of her family and informed her that he had seen an attorney and directed him to prepare a complaint for divorce against her, charging her with adultery, and urging her to go down to the city of San Diego and "straighten this out before it goes to court," so that he might have the custody of the children. Immediately following this the plaintiff sought legal advice and instituted this proceeding. Thus, it appears that both had come to the conclusion that they had reached the parting of the ways and had started a race to see which one could first get into court for the purpose of procuring a legal separation. The conversations of the parties, occurring immediately prior to the commencement of the action, as indicated by the evidence, show that they had no desire at that time to settle their petty squabbles and resume the marriage relation,

but that their chief interest was in securing the custody of the two children. This attitude was evident throughout the trial, and the defendant seemed so anxious to obtain that result that he disregarded all limits to which a man might go to besmirch the character of their mother.

[1] The trial court had all of the witnesses before it, and in an exhaustive review of the evidence found that the charges of cruelty made by the plaintiff were insufficient to support a decree of divorce upon her complaint. As there was no evidence of bodily cruelty, but the plaintiff relied solely upon mental cruelty, the trial court properly took into consideration the social conditions of the parties and the probability of the plaintiff suffering mental cruelty from the acts complained of as shown by her attitude upon the stand and the surrounding circumstances. With this consideration, and in view of the conflicting evidence upon the issue, the findings of the trial court that the acts of the defendant did not constitute such cruelty as would warrant a decree in her favor cannot be disturbed. As said in *Robinson* v. *Robinson,* 159 Cal. 203, 204, [113 Pac. 155, 156] : "It should further be borne in mind that the question whether acts and conduct constitute such cruelty as, under all the circumstances shown, warrants the granting of a divorce, is of such a nature that the conclusion of the trial court is necessarily entitled to great weight, and it is only where it is clear that it is without any substantial support in the evidence that it will be disturbed on appeal."

[2] The same situation exists as to the attack upon the findings of the trial court regarding the acts of cruelty charged against the plaintiff. Though serious charges were made by the defendant against his wife and evidence was produced by him which would support another cause for divorce, all of which defendant failed to prove or corroborate, there was sufficient uncontradicted evidence to support the conclusion that the plaintiff had not conducted herself in a wifely manner and that such conduct had hurt defendant's feelings and caused him mental suffering, arising, no doubt, from humiliation in being cast off by his young wife, but sufficient to constitute what is known as cruelty.

For these reasons the judgment is affirmed.

Brittain, J., and Langdon, P. J., concurred.