[Civ. No. 4553. First Appellate District, Division Two.—June 7, 1923.]

## TONY BISPO, Respondent, v. JACK SURABIAN et al., Appellants.

[1] ASSAULT AND BATTERY—MALICE—EVIDENCE—FINDING—APPEAL.— In this action for assault and battery, while there was much reason in the position taken by defendants that there was no evidence to support the finding that the attack upon plaintiff was malicious, it could not be said that there was not some evidence from which the trial court could draw the inference of malice in support of such finding; and under those circumstances the appellate court could not grant defendants any relief.

[2] ID.—DAMAGES—EVIDENCE—APPEAL.— The trial court having determined that the attack upon plaintiff was malicious, but it not having designated how much of the amount awarded was allowed as actual damages and how much was allowed for exemplary

---

2. Excessive verdict in action for damages for personal injuries not resulting in death, notes, **Ann. Cas.** 1915A, 488; **Ann. Cas.** 1916C, 916.

damages, and there being nothing in the record indicating that the judgment was the result of passion or prejudice or that the feeling of plaintiff's counsel against defendants because of their nationality was reflected in the amount of damages awarded, the appellate court could not say that the judgment for fifteen hundred dollars damages was excessive, even though the evidence showed that plaintiff suffered a very minor injury so far as actual damages were concerned.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. D. Crichton and Krekor Ohanian for Appellants.

Lindsay & Conley for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of the plaintiff for assault and battery. The defendant Sumpat Surabian and Jack Surabian, brothers, were living upon an eighty-acre tract of land belonging to them, part of which was planted in melons. About 10 o'clock of the evening of August 27, 1921, they were disturbed by the barking of their dogs on the premises and one of the defendants, Sumpat Surabian, took his automobile and drove to the county road, where he saw a car parked by his ranch. He then returned to the house and told his brother, Jack Surabian, and his cousin, K. Surabian, what he had discovered, and all three returned to the place, where they discovered a Mexican named Cardenas in their melon patch. Cardenas informed them that he had a partner with him. While they were questioning him the plaintiff came up and jumped into his car, the one parked along the highway, and endeavored to drive off. He was unable to do so because one of the defendants had removed the key to the machine. The defendants then questioned the plaintiff as to what he was doing upon their property, but he refused to answer, and after a heated controversy between the parties, the defendant K. Surabian struck the plaintiff over the head with a stick. For the injuries resulting the trial court, sitting without a jury, awarded the plaintiff a judgment in the sum of fifteen hundred dollars, rejecting defendants' request that the findings designate the amount thereof allowed

as actual damages and the amount allowed for exemplary damages.

The appeal is taken under the provisions of section 953a of the Code of Civil Procedure and is based upon four grounds: The insufficiency of the evidence to justify the findings; that the decision is against law; that the judgment allowed is excessive; and errors in law occurring at the trial. Reliance, however, is placed upon the claim of the insufficiency of the evidence and excessive damages.

[1] The argument in support of the first point is that there is no evidence of any nature to support the finding that the attack upon the respondent was malicious. There is much reason in the position taken by the appellants in this regard, but it cannot be said that there is not some evidence from which the trial court could draw the inference of malice in support of this finding. Under repeated rulings of the supreme court this is sufficient to prevent this court from granting the appellants any relief.

[2] On the question of damages, this, too, was a matter which the trial court was called upon to determine. The evidence plainly shows that the respondent suffered a very minor injury so far as actual damages were concerned, but we are unable to say how much of the judgment covers actual damages and how much covers exemplary damages. It is only in cases where the judgment appears to be the result of passion or prejudice that the appellate court may reduce or set aside the award of damages by the trial court. Though the record discloses a high state of feeling on the part of respondent's counsel against the appellants and an endeavor in their brief filed in this court to create a state of prejudice against the appellants on account of their race, we cannot say that this was reflected in the trial court when it fixed the amount of damages to be awarded.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1923.