[Civ. No. 2733. Third Appellate District.—May 6, 1924.]

JOHN BITSEKAS, Appellant, v. M. PARECHANIAN, etc., et al., Respondents.

[1] EVIDENCE—INCONSISTENCIES IN TESTIMONY—CREDIBILITY OF WITNESSES.—The very fact that there are inconsistencies in some particulars in the testimony of witnesses given on the trial of the case with declarations they made previously to the trial and while their depositions to be used in the trial were being taken is not sufficient to stamp their testimony as inherently unbelievable.

[2] ID.—CREDIBILITY OF WITNESS — PROVINCE OF TRIAL COURT—APPEAL.—It is for the trial court to analyze, sift and weigh the

----

1. See 10 **Cal. Jur.** 1146.

2. Credibility of witnesses, note, 86 **Am. Dec.** 328. See, also, 28 **R. C. L.** 658.

testimony according to those tests which are peculiarly available to trial courts and to determine whether, in the main, the testimony of witnesses (who are charged with having given inconsistent testimony) is entitled to credence and is sufficient to justify findings upon vital issues either one way or the other, and where this is done upon evidence, which, upon its face, is sufficient to support the conclusion of the trial judge as to the facts, such findings are conclusive upon reviewing courts.

[3] FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE DEED—EVIDENCE —CREDIBILITY OF WITNESS—PROVINCE OF TRIAL COURT.—In an action by a judgment creditor to set aside a deed by the judgment debtor to his codefendant upon the ground that it was the result of a fraudulent conspiracy to prevent plaintiff from securing a satisfaction of his judgment, notwithstanding that the fact of the transfer of the property after plaintiff's cause of action arose against the judgment debtor might properly be considered a suspicious circumstance upon the question of the good faith of the transaction, so far as the judgment debtor was concerned, it was for the trial court to determine whether said circumstance did or did not weigh against or detract from the probative value of the testimony of both defendants, not contradicted by an affirmative showing, or contradicted only in so far as the apparent inconsistencies in their testimony might be regarded as contradictory thereof.

[4] ID.—EVIDENCE — EXAMINATION OF DEFENDANTS — EXTENT OF.—In such action, the defendants having been called for cross-examination by the plaintiff, when turned over to the attorney for the defendants for examination the latter in examining them had the right to question them concerning any matter as to which they had testified on the cross-examination, and no reason is known why the attorney for the defendants should not have been permitted at that time to make the defendants their own witnesses and question them regarding other matters pertinent to the case which were not brought out by their examination by counsel for the plaintiff.

[5] ID.—FINDINGS—EVIDENCE—APPEAL.—In such action, the findings of the trial court, from the viewpoint of a court of appeal, are immune from successful attack.

[6] ID.—RULINGS ON EVIDENCE—ABSENCE OF PREJUDICIAL ERROR.—In such action, no prejudicial error in rulings admitting and excluding evidence is found.

---

(1) 23 **C. J.**, p. 38, sec. 1779; 40 **Cyc.**, p. 2585.   (2) 38 **Cyc.**, p. 1520.   (3) 27 **C. J.**, p. 839, sec. 786 (1926 Anno).   (4) 40 **Cyc.**, p. 2507.   (5) 4 **C. J.**, p. 885, sec. 2855.   (6) 4 **C. J.**, p. 969, sec. 2952, p. 1004, sec. 2986.

4.  See 28 **R. C. L.** 597.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

Collins & Collins and B. M. Benson for Appellant.

Gallaher, Simpson & Hays for Respondents.

HART, J.—The plaintiff, as a judgment creditor of the defendant Parechanian, brought this action to set aside a deed executed by the latter to the defendant Sarkisian, conveying a half interest in a tract of forty acres of land situated in Kings County, on the ground that said deed of conveyance was the result of a fraudulent conspiracy between the two defendants to prevent the plaintiff from securing satisfaction of a judgment previously obtained by plaintiff and against Parechanian in the superior court of Fresno County for the sum of $2,153.90.

According to the complaint, the plaintiff brought an action against Parechanian in the above-mentioned superior court, and on June 19, 1921, was awarded judgment for the amount above stated; that execution upon said judgment was issued on the thirteenth day of September, 1921, and the writ thereupon placed in the hands of the sheriff of the county of Fresno for execution, and said writ returned unsatisfied; that thereafter, and on the thirteenth day of October, 1921, "a similar writ of execution was placed in the hands of the Sheriff of the County of Kings. . . . for execution, and that said writ has likewise been returned unsatisfied." The complaint, in appropriate legal nomenclature, alleges the facts constituting the alleged fraud at the bottom of the transaction climaxing in the transfer of the property above referred to by Parechanian to Sarkisian and charges that said transfer was the result of a conspiracy between the said two defendants fraudulently to prevent plaintiff from securing satisfaction of his judgment against Parechanian; that said transfer was made and executed at a date subsequent to the date of the entry of said judgment, to wit: on the twenty-ninth day of June, 1921, and that the same was made without valuable or any consideration; that said Parechanian, by making said trans-

fer and putting out of his possession all other property belonging to him, became insolvent and "rendered himself incapable of paying said indebtedness," or "execution proof."

The relief asked for is that the deed of conveyance be adjudged and declared fraudulent and void, and that the land thereby purporting to have been conveyed be adjudged subject to the lien of the plaintiff's judgment against Parechanian and the "writ of execution" thereupon issued.

After their demurrer to the complaint on the general ground was overruled, the defendants jointly answered the plaintiff's pleading by specifically denying all it has to say of material importance concerning the transaction.

The cause was tried by the court, sitting without a jury.

The court found that the conveyance in question was made by Parechanian to Sarkisian after the obligation of Parechanian to the plaintiff arose, but before said obligation had been reduced to judgment; that at the time said conveyance was made and consummated said Sarkisian did not know that the said defendant Parechanian was indebted to the plaintiff in this action or was under any obligation whatever to plaintiff; that said conveyance was made by Parechanian to Sarkisian for the consideration of $10,000, paid by the latter to the former; that, at the time of the making of said conveyance, there was a mortgage encumbrance on the property so conveyed, given to secure a promissory note for the sum of $7,500, which mortgage encumbrance and obligation the said Sarkisian assumed and agreed to pay as part of the consideration for said transfer and conveyance; "that said sum of $10,000 was paid by the said Sarkisian to the said Parechanian by the payment in cash of the sum of $1,500, a part of which money was paid prior to the date of said conveyance, and a part thereof after the date of said conveyance, but prior to the commencement of this action, and the remainder of said sum of $10,000 was paid by the delivery to the said Kasbar Parechanian by the said defendant Sarkisian of a promissory note held by the said Sarkisian against the said Parechanian for the sum of $8,500, which said promissory note had theretofore been given to the said Sarkisian by the said Parechanian as part payment of the purchase of his said one-half interest in said described lands from the said Sarkisian; that said sale and convey-

ance of said land was made for a valuable consideration, to wit, for the consideration of $13,750 (?); that said conveyance was made in good faith and with no intent on the part of the said defendants or either of them to defraud the plaintiff.''

The conclusions of law and the judgment harmonize with the findings, and are in favor of the defendants.

The plaintiff appeals from the judgment upon a record prepared according to the alternative method.

The points made by the plaintiff are that the findings are not sufficiently supported and that the court committed prejudicial error by allowing certain evidence to be received over the objections of plaintiff.

The defendants, as we understand from the record, are Armenians, and each in testifying expressed himself in broken English. Theirs was the principal testimony introduced in support of the averments of the complaint, the plaintiff having called them to the witness-stand under the authority of section 2055 of the Code of Civil Procedure for examination or ''cross-examination.'' Their testimony supports the findings of the court as to the facts and circumstances of the transaction culminating in the execution of the conveyance by Parechanian to Sarkisian. Indeed, the findings of the court faithfully follow their testimony in the main. It is, therefore, unnecessary to detail herein their testimony as they gave it under cross-examination and direct examination by the counsel for the respective parties. It is true that the testimony of these witnesses appeared to be inconsistent in some particulars with declarations they made previously to the trial and while their depositions to be used in the trial of this case were being taken. Whether these inconsistencies were due to the fact that the witnesses, who are foreigners, apparently uneducated and with but little experience in the use of the English language, were unable to grasp clearly the signification of the questions propounded to them, or because the several transactions to which they testified did not occur as they sought to make it appear that they occurred, it is difficult for a court of review to determine. [1] Counsel for the plaintiff seem to assume that the very fact of the inconsistencies to which we have referred is sufficient to stamp their testimony as inherently unbelievable. This is, however, not a

sound assumption. It may be that there were some statements made by the witnesses that were not strictly in accord with the truth, but it does not necessarily follow that,
because the testimony of a witness may not be consistent
in all its parts, or that there may be some particulars as to
which he may have departed from the truth, the testimony
of such witness is to be held earmarked as intrinsically untruthful. [2] It was for the trial court in this case to
analyze, sift and weigh the testimony according to those
tests which are peculiarly available to trial courts and to
determine whether, in the main, the testimony of such witnesses is entitled to credence and is sufficient to justify
findings upon the vital issues either one way or the other,
and where this is done upon evidence, which, upon its face,
is sufficient to support the conclusion of the trial judge as
to the facts, such findings are conclusive upon reviewing
courts. [3] It is true that the fact of the transfer of the
property by Parechanian after the plaintiff's cause of
action arose against him might properly be considered a
suspicious circumstance upon the question of the good faith
of the transaction, so far as said defendant was concerned.
But it was for the trial court to determine whether said circumstance did or did not weigh against or detract from the
probative value of the testimony of both defendants, not
contradicted by an affirmative showing, or contradicted only
in so far as the apparent inconsistencies in their testimony
might be regarded as contradictory thereof, to the effect
that the transfer was made in good faith and upon the payment by Sarkisian to Parechanian, as a consideration for
the conveyance, the sum of $13,750 (or $10,000) for the
latter's interest in the property, the greater part of which
consideration was not in cash but in a promissory note given
Sarkisian by Parechanian as in part payment for the interest in the land which the former had previously conveyed to the latter.

Counsel for the appellant, in the cross-examination of the
defendants, under section 2055 of the Code of Civil Procedure, called the attention of each to his deposition taken
prior to the trial and asked if he had not given certain testimony which was read by counsel from said deposition to
the witness. The purpose of this cross-examination was to
show that the declarations of the witnesses made then were

in conflict with certain portions of the testimony of said witness given at the trial. On examination of the defendants by their counsel, each was asked if he had given certain other testimony at the time of the taking of his deposition regarding the transactions involved herein, reading the same to the witness. To this examination counsel for the plaintiff objected on the ground that it was "not proper cross-examination" in that the part of the depositions as to which counsel for the defendants proposed to question the defendants was not pertinent to those portions of the depositions concerning which counsel for the plaintiff examined the defendants. It is true that several questions were asked by counsel for the defendants as to certain statements made by the defendants when their depositions were taken that had no direct 'connection with those portions of their depositions about which counsel for the plaintiff examined them, still a considerable portion of their depositions brought out by the examination of counsel for the defendants was pertinent and was repeated by the defendants in their testimony in the trial. [4] As seen, the defendants were called for cross-examination by the plaintiff and when turned over to the attorney for the defendants for examination the latter in examining them had the right to question them concerning any matter as to which they had testified in the cross-examination. But we go further and say that we know of no reason why the attorney for the defendants should not have been permitted at that time to make the defendants their own witnesses and question them regarding other matters pertinent to the case which were not brought out by their examination by counsel for the plaintiff.

[5] We have given the case full consideration and our conclusion is that the findings, from the viewpoint of a court of appeal, are immune from successful attack.

[6] No prejudicial error in rulings admitting and excluding evidence has been found.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.