[Civ. No. 6234. First Appellate District, Division One.—March 8, 1928.]

CATHERINE M. JOHNSON, Respondent, v. STEPHEN H. RISDON et al., Appellants.

W. H. Metson and E. B. Mering for Appellants.

Glensor, Clewe & Van Dine for Respondent.

PARKER, J., pro tem.—Plaintiff's action was in eject-ment, seeking also damages for the retention of the premises. Defendants answered and also filed their cross-complaint. In this cross-complaint it was alleged that the husband

of plaintiff, one Alvah M. Johnson, had by a series of fraudulent acts induced defendants to purchase the property involved in the present action along with other properties not affected by this particular litigation. The cross-complaint, among other things, alleged that the property involved here was acquired by plaintiff as the result of a sale under a trust deed; that the obligation supporting the trust deed was a promissory note executed by defendants to Alvah M. Johnson and by him fraudulently procured. The defendants in the said cross-complaint alleged further that the note and the security had been assigned to plaintiff Catherine Johnson without consideration, and the prayer was for the cancellation of the note and trust deed and of the assignment thereof to plaintiff Catherine Johnson. In the same cross-complaint it was alleged that in another transaction (setting forth the details thereof) Alvah M. Johnson had defrauded the defendants Risdon to the extent of $25,275, and judgment against Alvah M. Johnson for that amount was prayed.

The plaintiff Catherine Johnson for herself alone filed her answer to the said cross-complaint, specifically denying all of the allegations therein contained.

The cross-complaint was directed against plaintiff Catherine M. Johnson and Alvah M. Johnson, the latter not being a party to the action. No leave of court was obtained granting permission to file the cross-complaint, and no summons was ever issued thereon nor does it appear that the same was ever served on Alvah M. Johnson.

At the commencement of the trial in the court below defendants Risdon objected to the trial proceeding on the ground that the case was not at issue, inasmuch as Alvah M. Johnson had not appeared, and the trial court overruled the objection and proceeded with the hearing. This action of the court below presents the first point on the appeal.

We find no error in the court's action. No order was ever sought making Alvah M. Johnson a party to the action, and, as indicated, no service of any kind was ever made upon him. Some two months had elapsed from the filing of the cross-complaint until the date of the trial, and the plaintiff was entitled to have her issues determined. In any event the presence of Alvah M. Johnson was not necessary

to a full determination of the controversy. If defendants proved the allegation of the fraudulent procurement of the note and the trust deed given to secure the payment thereof, and further proved that Catherine M. Johnson took the same without consideration and as a mere assignee, the relief accorded in the action would have been the same whether Alvah M. Johnson was or was not a party. The appellants themselves by their argument uphold the action of the court. For instance, to quote from appellants' brief: "The plaintiff was the assignee of a non-negotiable chose in action and stood in the shoes of Alvah Johnson, who perpetrated the fraud upon defendants, and every defense that was open against him was open to defendants against plaintiff (*Helmer* v. *Parsons*, 18 Cal. App. 450, 452 [123 Pac. 356]; *Pitman* v. *Walker*, 187 Cal. 667 [203 Pac. 739]). The defendants had a cause of action for damages against Alvah Johnson, and the damages recovered could have been off-set against any sum owing from Risdon to Johnson; consequently had Johnson held the note and trust deed the damages could have been set off against the note as the assignment could not prejudice the rights of defendants. (C. C. P. 368.)"

If all of this is true the defendants could not have been in any manner prejudiced by the court's action, conceding that discretion was vested in the court whereby it could have brought Alvah M. Johnson into the proceeding. In passing it might be noted that the transfer from Alvah M. Johnson to Catherine M. Johnson was part of a settlement of property rights contemporaneous with a divorce action then pending.

Obviously the presence of Alvah M. Johnson was not proper in this action merely to litigate with him other transactions in which Catherine M. Johnson had no part or asserted no interest. Incidentally it might be noted that all of the transactions alleged in the cross-complaint had been made the basis of another action instituted by defendants Risdon against Alvah M. Johnson and then pending in another department of the superior court. Further, the trial court, on the issues tendered by plaintiff in response to the cross-complaint of defendants, found all of the allegations thereof to be untrue and unsupported in fact, so quite obviously the presence of Alvah M. Johnson as a party was

unnecessary. The judgment of the trial court on all of the issues was in favor of the plaintiff Catherine M. Johnson.

Defendants next contend that the evidence was and is insufficient to support the findings and the judgment entered thereon.

We get little help from appellants in determining this question. The evidence is not presented even by reference. We have general statements as to what the testimony was, but neither in the briefs of counsel nor in any supplement thereto is the record presented. Notwithstanding this failure on the part of appellants, we have read the typewritten transcript and find the judgment amply supported.

█ It is the appellants' contention that the plaintiff's case is made by one witness as against seven testifying to the contrary. That is a matter for the trial court, even if the ratio was one to 70.

Further, appellants contend that this one main witness for plaintiff was unworthy of belief because the record discloses him to be a real estate broker whose license was at one time suspended.

█ Proof of suspension of a real estate agent's license is not an impeachment; and if it were, it would not follow that the trial court must as a matter of law thereupon reject all evidence given by such a witness. We find absolutely no merit in the appeal.

The trial court denied defendants' motion for a new trial, which order is included in the appeal herein.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.