[Civ. No. 6595. First Appellate District, Division Two.—March 26, 1929.]

JOHN E. WILLIS, Respondent, v. IDA PERINONI et al., Appellants.

G. P. Hall. and J. Hall Lewis for Appellants.

H. B. Churchill for Respondent.

BURROUGHS, J., *pro tem.*—In this action plaintiff sued the defendants for the sum of five thousand dollars actual damages alleged to be due him for personal injuries inflicted by said defendants, and also for the sum of five thousand dollars exemplary damages. The cause was tried

by a jury and a verdict returned in favor of the plaintiff and against both defendants for the sum of five thousand dollars. Defendants have appealed from the judgment entered on said verdict.

In support of his cause of action it is alleged in the amended complaint that on or about the twenty-first day of May, 1926, in the city of Petaluma, county of Sonoma, the defendants wantonly, maliciously, grossly, outrageously and violently assaulted the plaintiff in that the defendant Ida Perinoni did then and there hold the plaintiff while the defendant Romildo Perinoni did then and there, while said Ida Perinoni held the plaintiff, strike him on the head with an iron bar, causing plaintiff's skull to be fractured and inflicted upon him permanent injuries. The defendants deny the allegations of the complaint and by way of a further defense allege that defendant Ida Perinoni was on the day of the alleged assault the owner of a piece of real property in the city of Petaluma and that the plaintiff forcibly entered upon said real property against her will and without her consent and that she thereupon ordered him to leave said premises which he refused to do, and that he thereupon attacked her, and assaulted her, and struck her with a hammer. That the said defendant Romildo Perinoni witnessed said assault and both the defendants, believing that the life of defendant Ida Perinoni was in danger, and in order to prevent further assault by the plaintiff, forcibly ejected plaintiff from the premises, using only sufficient force necessary for that purpose. In support of the appeal appellants contend that the verdict and judgment against the defendant Ida Perinoni is against law; that the judgment, in so far as it affects the defendant Romildo Perinoni, is excessive. In support of these claims it is contended, first, that there was an entire absence of malice shown by either defendant against the plaintiff; second, that the defendants were resisting a trespasser on the premises of the defendant Ida Perinoni at the time of the alleged assault and used only necessary and sufficient force to eject him therefrom; third, that with respect to the defendant Ida Perinoni there was no evidence of aiding and abetting the assault or a conspiracy between the defendants that the defendant Romildo Perinoni should commit the alleged assault upon plaintiff.

After an examination of the entire record we are satisfied that the verdict of the jury rested upon a conflict in the evidence and therefore under well-settled principles of law this court may not disturb the verdict. There is substantial and satisfactory evidence of the following facts. The defendants are brother and sister. The latter was the owner of a house and lot in the city of Petaluma. A man named Baker was the owner of an adjoining lot. On May 21, 1926, said Baker was, through a contractor, erecting a building on his said lot, said building to be used in connection with an automobile shop. The building was located from six and a half to eight inches back from the property line between the lots of said Baker and said defendant Ida Perinoni. The plaintiff was a carpenter working on said building. He commenced work thereon early in the afternoon of said day. While working on the building the defendant Ida Perinoni called to him in a loud tone of voice, from the window of her own home, to keep off of her property, repeating this admonition a number of times and finally calling to him that she had warned him the last time. Within a few moments she left her house and went over to the place where the plaintiff was leaning over and nailing some sheeting on the side of the building. She caught him by the back of his clothing and began to shake and pull him to her property. While she was thus shaking the plaintiff and ordering him off her property her co-defendant, Romildo Perinoni, ran toward them and struck the plaintiff over the head several times with an iron bar. A man named Dillingham, who was a witness to the attack, undertook to prevent the defendant Romildo Perinoni from further striking the plaintiff. He ran between Romildo and the plaintiff and got hold of Romildo's upraised arm, whereupon Romildo tried to hit Dillingham with the iron bar. Thereupon the defendant Ida got hold of Dillingham and started to scratch his eyes. There was also evidence of witnesses that Ida Perinoni held the plaintiff while her brother struck him. There was also direct evidence that the plaintiff was not on her land at the time of the attack, nor had he been on there at any previous time. It further appears from the evidence of a witness named Hosty, who a short time prior to the commencement of the erection of the building, was preparing the lot for the building, that he was told by the defendant Ida Perinoni:

.

"You are not going to put up any building up here." Her co-defendant told the same witness he would have to be pretty damn careful and keep off his property. There was also evidence to the effect that Ida Perinoni had applied to the city council to try to stop the erection of said building. Further, that the defendant Ida had served a notice on Baker to keep off her property and during the day of the assault she was constantly warning the workmen to keep off of her lot. The evidence also discloses that the plaintiff received a fractured skull from the assault, that his eyesight had been affected, and that at the date of the trial he was undergoing massage treatment for numbness in his limbs, and also that his efficiency as a first-class carpenter had been impaired. It is true that a large part of this evidence was contradicted by the defendants and they also testified that the plaintiff struck the defendant Ida Perinoni with a hammer, but this was denied by the plaintiff and several disinterested witnesses. ■ We are of the opinion that under the foregoing evidence the jury were justified in the implied finding that both defendants were actuated by malice and that the defendant Ida Perinoni actually aided and abetted her brother in the assault and that they were not acting in defense of property.

■ It is next pointed out by appellants that the amount of damages awarded was excessive, but we are of the opinion that the amount of damages awarded was peculiarly within the province of the jury and should not be disturbed by this court. (*Redfield* v. *Oakland Consolidated Street R. R. Co.*, 110 Cal. 277 [42 Pac. 822, 1063]; *Lee* v. *Southern Pac. R. R. Co.*, 101 Cal. 118 [35 Pac. 572]; *Boyce* v. *California Stage Co.*, 25 Cal. 474.)

The judgment appealed from is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1929.