[Civ. No. 9213.   First Appellate District, Division One.—December 5, 1934.]

EVELYN TURNER, Respondent, v. GEORGE WHITTEL, Appellant.

George J. Hatfield and Jas. F. Brennan for Appellant.

Twain Michelsen for Respondent.

THE COURT.—An action to recover damages for personal injuries. Plaintiff alleged that she was assaulted and beaten by individuals in the employ of defendant Whittel, who was present and maliciously incited and abetted the acts complained of. A jury returned a verdict in plaintiff's favor for $5,063. Upon a motion for a new trial the judgment was, with plaintiff's consent, reduced to $3,000, whereupon the motion was denied.

Defendant, who has appealed from the judgment, contends that the evidence was insufficient to support the ver-

dict; that the damages assessed were excessive and appear to have been awarded under the influence of passion and prejudice.

The alleged assault occurred on May 4, 1930, in an apartment in San Francisco. Several persons were present. One witness, Mrs. Jenkins, testified that she was in possession of the apartment and that the others, including the defendant, were her guests. Among these were a piano player and singer. Plaintiff testified that the defendant told her that the apartment was his, and that Mrs. Jenkins, the singer and the piano player were in his employ. Plaintiff further testified that she herself was employed by the defendant on May 3, 1930, as a hostess and his companion; further, that he paid her $50 in cash, and later she received a check for the same amount signed by the witness Jenkins, who had been told by defendant in plaintiff's presence to send it. According to the plaintiff she remained in the apartment for the better part of two days, the defendant and the witness Jenkins being also present. A number of persons came and went during that time, and it appears that the entertainers mentioned remained for the greater portion of the time. It is clear from all the testimony that intoxicating liquors were served freely, and that plaintiff with the others imbibed to some extent. Plaintiff testified that during the evening of May 4, 1930, Mrs. Jenkins assaulted the piano player and the singer with a whip, the defendant being present, following which she struck the plaintiff several blows; that these assaults were incited by the defendant, his statement with respect to the plaintiff being that he wanted her to "show fear". His demeanor at the time, according to the plaintiff, was, as she described it, that of one "in a delirium" who apparently took pleasure in witnessing the occurrence. Plaintiff gained possession of the whip and threw it beyond Mrs. Jenkins' reach, whereupon the defendant ordered the singer to recover it, which she did, and Mrs. Jenkins again struck the plaintiff several blows, and defendant encouraged Mrs. Jenkins to continue the assault. Plaintiff again obtained possession of the whip, and the singer, being ordered to do so by the defendant, forcibly took it from her and in so doing injured plaintiff's arm and back. A physician who was called shortly thereafter testified that plaintiff sustained a wrenched shoulder and sprained liga-

ments, and that later black and blue spots developed on her right shoulder and around her right elbow. He also testified that at the time of his first examination plaintiff's breath indicated that she had been drinking. Mrs. Jenkins and a servant girl employed in the apartment denied that there was any assault upon plaintiff, but that on the contrary the latter assaulted the piano player, and that any injuries she may have received were caused by his efforts to take the whip from her. According to these witnesses the defendant took no part whatever in the altercation. Mrs. Jenkins also testified that plaintiff was not employed as a hostess, and that the check mentioned was for money which the witness lent her. Another physician—who was first called but whose services plaintiff refused—testified that plaintiff was under the influence of liquor. In addition certain testimony by way of impeachment was offered.

The defendant did not testify at the trial. He insists that plaintiff's testimony is incredible, and that the testimony of his witnesses was of such a character and weight that there was no substantial conflict, and that therefore the verdict must have been the result of passion or prejudice.

The questions of the credibility of the witnesses and the weight to be given their testimony are for the jury (Code Civ. Proc., sec. 1847) ; and although impeaching evidence in the nature of contradictions or otherwise has been received, it is still the right as well as the duty of the jury to determine to what extent they believe or disbelieve the testimony. (*Estate of Gird,* 157 Cal. 534 [108 Pac. 499, 137 Am. St. Rep. 131] ; *Secondo* v. *Secondo,* 218 Cal. 453 [23 Pac. (2d) 752].) They may likewise give credence to a witness who has falsely testified in part (*Robinson* v. *Robinson,* 159 Cal. 203 [113 Pac. 155]), or whose testimony contains contradictions or inconsistencies. (*Bitsekas* v. *Parechanian,* 67 Cal. App. 148 [226 Pac. 974].) An appellate court is not concerned with the question of the preponderance of the evidence but with the single inquiry whether the record contains substantial evidence tending to support the findings assailed. (*Hotaling* v. *Hotaling,* 187 Cal. 695 [203 Pac. 745] ; *Johnson* v. *Risdon,* 89 Cal. App. 768 [265 Pac. 505].)

Where, as here, the versions of the affair were in direct conflict, it is impossible for us to determine from the

record where the truth lay. The jury heard the witnesses and observed their manner of testifying, and we cannot say that their conclusion that the plaintiff's testimony was true was not in view of all the circumstances justified.

Plaintiff testified to her contract with the defendant and his statement to her that the others present were in his employ. If this was untrue the defendant could have contradicted it, yet he failed to testify. No reason for this appears, and the fact was one for the jury to consider. (*Bone* v. *Hayes,* 154 Cal. 759, 765 [99 Pac. 172].) Moreover, it is undisputed that plaintiff received injuries at the time and place alleged and in defendant's presence. Whether she was assaulted and, due to his morbid instincts—which the evidence suggests—or otherwise, the assault was incited by him, were questions for the jury to determine, and we cannot say that their verdict is without substantial support.

It is the rule that not only the principal actor or actual assailant but all others who aid, abet, counsel or encourage the wrongdoer are equally liable with him to the injured party. (5 Cor. Jur., Assault and Battery, sec. 13, p. 626.) As stated, the evidence shows that the defendant did abet and encourage the assault (*Loeb* v. *Kimmerle,* 215 Cal. 143 [9 Pac. (2d) 199]; *Lydon* v. *Beach,* 89 Cal. App. 69 [264 Pac. 511]), and there was sufficient to justify the inference that he was actuated by malice in so doing. (5 Cor. Jur., Assault and Battery, sec. 9, pp. 621, 622; *Bispo* v. *Surabian,* 62 Cal. App. 443 [217 Pac. 77]; *Willis* v. *Perinoni,* 97 Cal. App. 764 [276 Pac. 359].)

The trial court determined that the damages awarded by the jury were excessive and the amount was accordingly reduced, but it does not necessarily follow from this that the verdict was influenced by prejudice or passion (7 Bancroft's Code Practice and Remedies, sec. 6036, p. 7985; *Swett* v. *Gray,* 141 Cal. 63 [74 Pac. 439]; *Standiford* v. *Cantrell,* 87 Cal. App. 736 [262 Pac. 800]), and we cannot say as a matter of law that such is the case.

According to plaintiff's version of the affair—which the jury believed—she was humiliated and painfully injured. Although the award was excessive as found, and doubtless the jury in making it were in some degree moved by their natural sympathy for one upon whom a deliberate wrong had been inflicted, the circumstances do not compel the con-

590

clusion that issues other than damages were thereby affected. ▮ Moreover, the allegations of the complaint and the testimony established a case wherein punitive damages might properly have been awarded. (*Bloomberg* v. *Laventhal,* 179 Cal. 616 [178 Pac. 496].) It was not necessary that such damages be demanded by name if the facts justifying their recovery were pleaded (*Waite* v. *San Fernando Pub. Co.,* 178 Cal. 303 [173 Pac. 591]), nor need they be segregated from the actual damages allowed either in the findings or verdict unless such segregation be requested. (*Foley* v. *Martin,* 142 Cal. 256 [71 Pac. 165, 75 Pac. 842, 100 Am. St. Rep. 123] ; *Bloomberg* v. *Laventhal, supra.*)

The verdict is fairly supported, and the record discloses nothing which would warrant a reversal.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 31, 1935.