[No. 12760.    Department Two. — June 16, 1890.]

## GEORGE W. DENNIS, JR., RESPONDENT, *v.* UNION MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

LIFE INSURANCE — SELF-DESTRUCTION OF ASSURED — PLEADING — BURDEN OF PROOF. — When a policy of life insurance contains a provision that the company does not assume the risk of self-destruction of the insured person, it is not incumbent on the plaintiff to plead or prove that the insured person had not committed self-destruction, but the burden rests upon the insurance company to plead and prove such self-destruction as matter of defense.

ID. — COMPLAINT ON INSURANCE POLICY — ANTICIPATING DEFENSE — CONDITIONS SUBSEQUENT — PROHIBITED ACTS — EXCEPTED RISKS. — A complaint on an insurance policy must aver the loss, and that it occurred by reason of a peril insured against, but need not contain allegations for the purpose of meeting or cutting off a defense, nor aver the performance of conditions subsequent, nor negative prohibited acts, nor deny that the loss occurred from excepted risks.

ID. — PROOF OF SELF-DESTRUCTION. — When the proofs of loss furnished by the assured to the insurance company, and the evidence adduced on the trial by the company, show without conflict that the death of the insured person was not accidental, but that he committed suicide or self-destruction with a pistol while temporarily insane, if there is a provision in the policy relieving the company from risk in case of self-destruction of the insured, whether voluntary or involuntary, and whether he be sane or insane at the time, a recovery upon the policy will be precluded by such proof, and a judgment thereon in favor of the assured must be reversed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Estee, Wilson & McCutchon,* for Appellant.

*Haggin, Van Ness & Dibble,* for Respondent.

FOOTE, C. — This is an action to recover from a life insurance company the sum of two thousand five hundred dollars upon the death of a person insured by the company. The jury trying the cause returned a verdict for the plaintiff. From the judgment rendered in the premises, and an order refusing a new trial, the defendant appeals.

Under the pleadings, the execution of the policy, the payment of the premium, the death of the insured, the giving notice and making proof of the death in due time, and the repudiation by the defendant of any obligation to pay the policy, are admitted.

The defense set up was, that, under a clause of the policy which reads thus: "It is hereby declared and agreed that the self-destruction of the person within three years from the date hereof — whether voluntary or involuntary, and whether he be sane or insane at the time — is not a risk assumed by the company in this contract," the defendant was not liable, because the death of the insured person was the result of and caused by self-destruction.

The plaintiff rested, after reading the pleadings, upon the admission of the defendant that if the jury should give a verdict for the full amount of the policy, that the sum of $131 had accrued as interest.

The court then held that the burden of proving the defense set up rested upon the defendant. The defendant objected to this, and demanded a nonsuit, which was refused, and the action of the court is assigned for error.

It was not incumbent upon the plaintiff to plead that the insured person had *not* committed self-destruction. For it is not necessary to insert allegations in the complaint "for the purpose of meeting or cutting off a

defense." Thus one seeking to recover on an insurance policy must aver the loss and show that it occurred by reason of a peril insured against, but he need not aver the performance of conditions subsequent, nor negative prohibited acts, nor deny that the loss occurred from the excepted risks. (*Blasingame v. Home Ins. Co.*, 75 Cal. 635.) Therefore the burden of proof was not upon the plaintiff to show what it was unnecessary to allege in his pleadings, and the court was right in its ruling.

The defendant then introduced the proofs of death, which had been made by the plaintiff, and some other matters of evidence. The plaintiff was then introduced as a witness, and testified that, after these proofs were made on his behalf, and the company had refused to pay the loss, he had sought the advice of a lawyer, and had then taken steps to get depositions from the parties who had made the proofs supplemental thereto.

It appeared, from the positive declarations of the witnesses in their original affidavits of proof, that the insured person had committed self-destruction, by shooting himself in the head with a pistol, while laboring under temporary aberration of mind. The effort made by the supplementary testimony was to show that the death was accidental, and not through any intentional act of the suicide.

We think the effort fruitless, and that the evidence shows without any conflict that the death of the insured person was not accidental, but that he committed suicide, or self-destruction, with a pistol, while temporarily insane. This being so, it becomes unnecessary to discuss any of the other points made, and we advise that the judgment and order be reversed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.

Hearing in Bank denied.