[Civ. No. 3840. Second Appellate District, Division One.—July 25, 1922.]

J. E. CARR, Respondent, v. INTERNATIONAL INDEM-NITY COMPANY (a Corporation), Appellant.

[1] INSURANCE LAW—BREAKAGE OF PLATE GLASS—EXEMPTION UNDER POLICY — EVIDENCE — BURDEN OF PROOF.—In an action to recover upon a policy of insurance covering loss by breakage of plate glass in a store front and containing a clause exempting the insurer from liability for any loss or damage occurring before the glass is completely glazed in a workmanlike manner, the burden is on the defendant, after the plaintiff has proven damage within the terms of the policy, to show that the loss was produced through the excepted cause, and a determination of such question on conflicting evidence is final.

[2] FINDINGS — GENERAL FORM—SUFFICIENCY.—General findings that all the allegations of the complaint are true and that all denials

Plate glass insurance, notes, Ann. Cas. 1912A, 1091; Ann. Cas. 1915B, 191.

and allegations of the answer are untrue sufficiently determine the material issues in a case.

[3] TRIAL—MINUTE ORDER DIRECTING JUDGMENT—REOPENING OF CASE. A court has jurisdiction to reopen a case for further evidence after the making of a minute order directing judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Donald Barker and William H. Neblett for Respondent.

JAMES, J.—Plaintiff brought this action to recover upon a policy of insurance which covered loss by breakage of plate glass in a store front. Judgment was in plaintiff's favor and the defendant has appealed.

The insurance, as expressed in the policy, provided against "loss by breakage from accidental causes beyond the assured's control." The policy contained clauses exempting the insurer from liability for "(4) any loss or damage caused by the glazing of any light of glass or by the removal of any light of glass from its frame or caused by the repairing of any frame; (5) any loss or damage occurring before the glass is completely glazed in a workmanlike manner."

[1] Appellant's main contention is that the evidence shows that breakage of the glass was caused by the unworkmanlike manner in which the same was set. It was shown in evidence that plaintiff, in December, 1919, owned a newly constructed store building in which a plate glass front was then being installed. He notified his agent to have the glass covered by insurance, and the policy was issued, effective as at noon on the thirtieth day of December, 1919. The final work of setting the glass was completed on Monday, the 29th of December. The contractor in charge of the special matter of setting the glass and fastening it in place testified that there was nothing wrong with the glass on Monday, the 29th, after the work of attaching the fastenings or "stops" had been completed; that on Tuesday it was not broken, but that at about 10 o'clock on

Wednesday, December 31st, he observed one of the curved plates and saw that it was cracked, the crack extending for sixteen or eighteen inches. He further testified as follows: ''The glass was not broken because of the improper manner in which it was set. I cannot say what caused the break in the glass; or, in other words, I do not know.'' The mechanic who actually put in the ''stops,'' or final retaining supports of the glass, testified that he observed the general condition of the glass at the time he put in the ''stops,'' and said: ''When I completed my work everything was all right; there was no break at that time.'' This witness testified that he had had long experience in installing glass—that he was an adept in work of that character. Two other witnesses who were employed about the building testified that after the completion of the work of setting the glass and affixing the supports, they saw no breaks in it. Upon cross-examination of the architect of the building that witness testified as follows: ''In my opinion the break in this glass, I rather think, was produced by unequal expansion of the bars. That might have been some undue stress at one place.'' This witness testified that when the ''bars'' (referring to the supports holding the glass) are in place the glass would be permanently fixed. One witness, called on behalf of the defendant, testified that, assuming no exterior violence to have been applied, the damage might have resulted by reason of the retaining strips or ''stops'' being too tight. He testified that if such was the case it would show that the glazing job was not properly done. Another witness for the defendant, after testifying that he had heard a description of the manner in which the work of installing the glass had been done, said: ''Based upon my experience, and assuming that this glass was not broken by exterior force, direct force, applied, I would be unable to say what was the cause of its breaking. The break might be caused from various reasons.'' There was testimony, also, that there were no marks upon the glass showing the application of exterior force, but it was not shown but that exterior force might have been applied and caused the break without leaving any mark other than the break itself.

As the work of glazing had been completely finished before the break occurred, plainly the first excepting clause

quoted (4) would have no application. As to the second excepting clause, in order to relieve the defendant it must have appeared that the break was caused by reason of the unworkmanlike manner in which the glass was installed. *Prima facie* there was ample evidence to show that the work was properly done and the testimony introduced on behalf of the defendant can at best be said to have produced a conflict in the evidence. Moreover, after the plaintiff had proved damage within the terms of the policy, the burden rested with the defendant to show that such loss was produced through some excepted cause. "Where proof is made of a loss apparently within a policy, the burden is on the insurer to prove that the loss occurred from a cause for which it is not liable." (14 R. C. L., p. 1437, par. 599; *Blazingame* v. *Home Ins. Co. et al.,* 75 Cal. 633 [17 Pac. 925]; *Dennis* v. *Mutual Life Ins. Co.,* 84 Cal. 570 [24 Pac. 120].) A determination of the facts, under a state of conflicting evidence, would, of course, rest with the trial judge, whose decision upon that matter would be final.

[2] Another contention of appellant is that the findings are insufficient to support the judgment. The court made general findings "that all the allegations of the complaint herein are true," and "that all denials and allegations of the answer herein, including the amendments thereto, are untrue." Findings in this form have been held to sufficiently determine material issues in a cause. (*Fitz* v. *Mills,* 170 Cal. 449 [150 Pac. 375]; *Moore* v. *Clear Lake Water Works,* 68 Cal. 146 [8 Pac. 816]; *County of Sutter* v. *McGriff,* 130 Cal. 124 [62 Pac. 412].)

[3] Appellant points to one other alleged error: It is claimed that the court had no jurisdiction to reopen the case for further evidence after a minute order had been made directing judgment for the defendant. The record shows that upon the first hearing evidence was introduced and the cause submitted to the court, and that the judge ordered judgment for the defendant. The plaintiff immediately gave notice of a motion to set aside that order (which latter was expressed only in the minutes of the court), assigning various grounds therefor. At the hearing of this motion the court refused to enter judgment for the plaintiff, which was asked for, but set the case down for

the hearing of further evidence. It came on at the time so fixed and certain amendments were made to the answer and further pertinent evidence heard. It hardly needs citation of authorities to support the statement that the trial judge had discretion at any time, *before decision was rendered*, to order further hearing in a cause and require additional testimony to be given. A minute order, where findings of fact are required to be made as in this case, does not constitute a judgment or decision, to vacate which a motion for a new trial must be made. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91].)

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.