[Civ. No. 6679. First Appellate District, Division One.—July 23, 1929.]

MARTIN MATTSON, Appellant, **v.** MARYLAND CASU-ALTY CO. (a Corporation), Respondent.

Charles L. James and C. K. Bonestell for Appellant.

John Ralph Wilson for Respondent.

THE COURT.—An action to recover on a policy of insurance issued to Alfred E. Mattson by Maryland Casualty Company, a corporation, which provided that in the event the insured should be accidentally killed while driving an automobile during the period of one year commencing November 1, 1926, insurer would pay to the plaintiff, who was the beneficiary named therein, the sum of $1500.

The policy provided, among other exceptions, that the same should not cover injuries, fatal or nonfatal, suffered by the insured while driving any automobile truck.

The complaint alleges that the insured was accidentally killed on November 9, 1926, while driving an automobile. The answer alleged as a defense that the insured at the time he came to his death was driving an automobile truck. The cause was tried before a jury, and at the close of plaintiff's case the defendant moved for an order directing a nonsuit, which was granted. The plaintiff has appealed therefrom and from the judgment of dismissal entered thereon.

The evidence adduced by the plaintiff showed that the death of the insured resulted from a collision between the vehicle which he was driving and a telegraph pole; that the insured was employed by a concern engaged in manufacturing and repairing chairs, and at the time of his death was making deliveries, the vehicle being owned by his employers. The chassis of the vehicle was a 1920 Ford, model T, a construction used for light vehicles such as Ford roadsters, sedans and touring cars. Upon this chassis the employer

of the deceased had constructed a seat with a body similar in shape to that of the ordinary delivery wagon or automobile. It appears that the vehicle was licensed as a commercial vehicle and was commonly used for delivery purposes. Two witnesses, both of whom were engaged in the automobile business—one a dealer in Ford products—testified that the vehicle was not a truck, and that the latter type differed in size, weight, model and construction from the one in question. As against the foregoing and for the purpose of impeaching the testimony of a brother of the deceased to similar effect, there was adduced by defendant the former's testimony given at the time of the inquest upon the body of the insured, the witness there stating that the vehicle was a light delivery truck. There were also introduced in evidence by defendant two photographs of the vehicle taken after the collision. Defendant contends that the only conclusion reasonably supported by the evidence was that the vehicle operated by the insured was an automobile truck.

■ It was sufficient for the plaintiff to prove the loss and that it occurred by reason of the peril insured against, and the burden of showing that the loss was produced through some excepted cause was upon the defendant. (33 Cor. Jur., Insurance, p. 111, sec. 832; *Dennis* v. *Union Mutual etc. Co.*, 84 Cal. 570 [24 Pac. 120]; *Mah. See* v. *North American etc. Co.*, 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42]; *Carr* v. *International Indemnity Co.*, 58 Cal. App. 614 [209 Pac. 83].) ■ The testimony in support of the allegations of the complaint was sufficient *prima facie* to have that result; and where this is true a motion for a nonsuit should be denied. (*Berger* v. *Lane*, 190 Cal. 443 [213 Pac. 45].) ■ The previous statement of plaintiff's witness, while admissible for purposes of impeachment, was incompetent for any other purpose, and did not constitute evidence of the truth of the fact so stated by him (*Albert* v. *McKay*, 174 Cal. 451 [163 Pac. 666]), nor were the photographs conclusive on the question of the character of the vehicle. ■ While these, in connection with other evidence, tended to support defendant's contention, nevertheless the evidence on the question, which was conflicting, was sufficient to support a contrary conclusion, and the issue should have

been submitted to the jury. (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 291 [244 Pac. 1077].)

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 22, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 12, 1929.

All the Justices present concurred.