[Civ. No. 8601. Second Appellate District, Division One.—February 9, 1933.]

BESSIE FORTENBERRY, Respondent, v. K. S. RIDDLE, Appellant.

Voltaire Perkins for Appellant.

Clark & Morgan and Wm. J. Clark for Respondent.

CONREY, P. J.—This action was brought to recover damages for personal injuries suffered by the plaintiff as the result of defendant's negligence in the driving of an automobile. The appeal is from the judgment entered in favor of the plaintiff. The injuries received by the plaintiff were incidental to a collision between her automobile and the automobile of the defendant. ▮ One of the witnesses, Mrs. Clare Hansen, testified to some of the circumstances surrounding the accident, but her testimony did not include any statement or estimate of the speed of the cars, or of either of them. On the contrary, she said that she did not notice the speed. On cross-examination counsel for defendant asked this witness some questions concerning the speed at which the cars were moving at the time when she observed them. The witness replied that she did not remember and was not able to estimate the speed. Thereupon appellant, after exhibiting to the witness a paper which had been signed by Mrs. Hansen a few days after the date of the accident, offered the document in evidence. The court sustained the objections of the plaintiff to this evidence on the ground that it was hearsay and not admissible for the purpose of impeaching the witness. The paper contained the statement that "Mrs. Forteney was coming too fast"; also, that each vehicle was moving at "abt 10 m. p. h. or more". The sole ground of appeal shown in the brief of appellant is that the court erred in refusing the offer of defendant to introduce said document in evidence. Respondent has now presented her motion, under Rule V, section 3, of the Rules of this court, that the appeal be dismissed or judgment affirmed, because the question upon which the appeal depends is so unsubstantial as not to need further argument.

We are inclined to think that the document, or at least that part of it hereinabove quoted, was admissible in evidence (*McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464, 470 [25 Pac. 681, 11 L. R. A. 252]) ; but only for the purposes of cross-examination to test in some form · the credibility and reliability of the testimony of the witness. (*Albert* v.

*McKay & Co.*, 174 Cal. 451, 456 [163 Pac. 666]; *Mattson* v. *Maryland Casualty Co.*, 100 Cal. App. 96 [279 Pac. 1045].) However, even if the court's ruling was erroneous, the record before us does not show any convincing reason for holding that the error was prejudicial, or that it led to any miscarriage of justice.

The motion is granted and the judgment is affirmed.

Houser, J., and York, J., concurred.