[Civ. No. 1795. Fourth Appellate District.—April 8, 1937.]

CARRIE E. GOODWIN et al., Appellants, v. RALPH ROB-
INSON, Respondent.

J. Maxwell Peyser for Appellants.

Ralph Robinson, *in pro. per.*, for Respondent.

JENNINGS, J.—Plaintiffs, as stockholders in the United States Silver Fox Farms, Inc., a corporation, which was incorporated in the state of Delaware, brought this action on behalf of themselves and all other stockholders in said corporation against the defendants as directors and officers of said corporation on February 20, 1934. The complaint which was entitled "Complaint for Damages, for Fraud, Deceit and Conversion" alleged that in the month of August, 1928, the above-mentioned corporation was dissolved in accordance with the laws of Delaware, that defendants were then directors of the corporation and upon dissolution of said corporation said defendants as directors took possession of all assets of the corporation for the benefit of the stockholders and for the purpose of disposing of and conveying the corporate assets to and among the stockholders, that all liabilities of the corporation were discharged, that demand was made by plaintiffs upon defendants that the latter distribute the corporate assets among the stockholders but that defendants refused so to do and continued to hold and retain such assets for their own use and benefit and rendered no accounting to the stockholders. It was alleged that the assets of the corporation consisted of real and personal property having a market value of $114,309.34. The prayer of the pleading demanded, first,

that defendants be required to account for all the assets; second, that a money judgment be rendered against them for such amount as should be determined to be due upon such accounting with interest thereon; third, for the appointment of a receiver to take possession of the corporation assets with power to sell the same and distribute the proceeds among the stockholders of said corporation.

Service of process in the action was not made upon the defendant Emmett M. Robinson and the defendant Ralph Robinson alone appeared and filed an answer to the complaint.

The cause was tried before the court without a jury and at the conclusion of the trial the court found that at the time the above-named corporation was dissolved there were no corporate assets and that neither the defendants as directors of said corporation nor the defendant Ralph Robinson as a director thereof took possession of any property or assets of the corporation. From its findings the court drew the legal conclusion that plaintiffs were not entitled to any relief against the defendant Ralph Robinson, and entered judgment accordingly. From this judgment plaintiffs appeal.

The sole contention here advanced by appellants is that the finding that there were no corporate assets when the above-mentioned corporation was dissolved is lacking in evidentiary support.

The evidence produced by appellants whereby they endeavored to establish the existence of assets at the time of dissolution comprised certain documents and the testimony of three witnesses. The documentary evidence consisted of a consolidated annual report for the year 1928 of four different corporations among which the above-mentioned corporation was one and two annual reports of said corporation covering the years 1927 and 1928, which were filed in the office of the secretary of the state of Colorado. The three witnesses to whom reference has been made were the respondent who was called as a witness by appellants under section 2055 of the Code of Civil Procedure, Clarence W. Callender, and J. Maxwell Peyser.

The annual report of the corporation for the year 1927, which was attested by the appellant as secretary of the corporation and filed with the secretary of the state of Colorado on February 21, 1927, stated that the total corporate assets located in said state amounted to $136,533.63 and the total

liabilities amounted to $3,816.83. The annual report for the year 1928, likewise attested by appellant as secretary and filed with the secretary of the state of Colorado on February 28, 1928, showed total corporate assets of $114,309.34 and total liabilities of $9,312.86. The consolidated annual report of the four corporations, including the United States Silver Fox Farms, Inc., contained a consolidated balance sheet of the four corporations as of the date of December 31, 1928. On this balance sheet the total assets of the above-mentioned corporation were stated to amount to $194,201.55 and the liabilities exclusive of capital and surplus which amounted to $145,-231.66 were stated to be $48,969.89. Attached to the aforesaid balance sheet and forming a part of the report was a communication addressed "To the Stockholders" and signed with the name of E. M. Robinson, president. This communication began with a reference to the consolidated balance sheet "for your companies as of December 31st, 1928". The next paragraph expressed the pleasure of "your directors" in reporting that complete control of the four corporations had been embodied "by stock ownership" in the United States Silver Fox Farms, Consolidated. This paragraph contained the following statement: "The United States Silver Fox Farms, Inc., has been legally dissolved and its assets taken over by the Consolidated Company."

The witness Clarence W. Callender testified that he was the official receiver of the United States Silver Fox Farms, Consolidated, having been appointed to that position by the United States District Court for the District of Nevada on July 8, 1932, that as such receiver he had made an examination of the records with respect to the assets of the subsidiary corporations which formed a part of the corporation of which he was the receiver and that he had been unable to discover any assets which belonged to any of such subsidiary corporations. The witness also testified that he had seen certified copies of the annual reports of the corporation in which appellants were stockholders which were filed with the secretary of the state of Colorado and that no part of the assets of said corporation as shown by said reports had ever come into his possession as receiver of the Consolidated Corporation. The witness J. Maxwell Peyser testified that Callender was appointed receiver of the United States Silver Fox Farms, Consolidated, in July, 1932, by the United States District Court

in Nevada and that thereafter steps were taken to uncover any assets that belonged to this corporation but that the efforts were unavailing and no assets were recovered. This witness further testified that an investigation of the affairs of the corporation disclosed no property of any kind that was owned by said corporation and that it had no assets. The respondent called as a witness by appellants under section 2055 of the Code of Civil Procedure testified that all assets of the United States Silver Fox Farms, Inc., were transferred to the United States Silver Fox Farms, Consolidated, prior to the dissolution of the former corporation and that in return therefor the transferring corporation received shares of stock issued by the Consolidated Corporation. The witness further testified that certain real property in Colorado owned by the United States Silver Fox Farms, Inc., was sold and the proceeds were turned over to the Consolidated Corporation and that the bank accounts and personal property of the former corporation consisting of office furniture and foxes were transferred to the latter corporation prior to the dissolution of the United States Silver Fox Farms, Inc. It may properly be noted that during the taking of the testimony of this witness he was shown a transcript of testimony which he gave on April 10, 1933, in some proceeding which apparently was brought in the United States District Court for the Southern District of California wherein he stated that the United States Silver Fox Farms, Consolidated, never received any stock or property or assets of which he had any knowledge from any of the subsidiary corporations and in particular that so far as he knew the assets of the United States Silver Fox Farms, Inc., were never taken over by the United States Silver Fox Farms, Consolidated.

It is apparently the contention of appellants that having shown that the corporation in which they were stockholders owned assets amounting to more than a hundred thousand dollars prior to the dissolution of said corporation in August, 1928, the burden of proof then shifted to respondent as a director of said corporation to make satisfactory showing of what became of such assets and that this burden of proof was not sustained by his testimony which was itself conflicting with respect to the material fact of whether or not the assets of the corporation had been transferred prior to dissolution.

With this contention we are compelled to disagree. Appellants sought by this action to fasten a liability upon respondent as a director of a defunct corporation. The basis of the liability sought to be imposed was that respondent became a trustee of whatever assets the corporation owned at the time of dissolution for the benefit of the stockholders. Obviously it was a necessary link in the chain of evidence whereby the liability should be established that it should be made to appear to the satisfaction of the trial court that there were in fact assets which were the property of the corporation at the time of dissolution. The responsibility of determining whether or not appellants had established the necessary fact that there were corporate assets when dissolution occurred rested with the trial court. That tribunal evidently concluded that appellants had not proved this essential element for it made a finding expressly negativing the fact.

It may further be noted in this connection that the witness Peyser testified positively that no property or assets belonging to the United States Silver Fox Farms, Consolidated, were uncovered after a receiver was appointed for this corporation in July, 1932. The stock of this corporation which was issued to the United States Silver Fox Farms, Inc., in return for assets of the latter corporation had evidently become valueless at the time the present action was instituted in 1934. Examination of the record indicates that this suit was not brought for the purpose of forcing an accounting with respect to the stock of the Consolidated Corporation, admittedly valueless, but to compel an accounting with respect to assets of the United States Silver Fox Farms, Inc., which it was claimed had not been transferred prior to the dissolution of the last-mentioned corporation.

The effect of the impeaching evidence which indicated that the witness Robinson, respondent herein, had testified in another proceeding that the corporate assets had not been transferred prior to dissolution of the corporation was not to establish the truth of the existence of corporate assets at the time of dissolution. Proof that the witness had made a statement respecting this fact which was contradictory to the testimony which he gave in the present proceeding was entitled to be considered only as evidence affecting the credibility of the witness. (27 Cal. Jur., p. 169; *Mattson* v. *Maryland Cas.*

*Co.,* 100 Cal. App. 96 [279 Pac. 1045].) The question of the weight of the impeaching evidence was one that was within the province of the trial court. (*Weissbaum* v. *Eibeshutz,* 211 Cal. 170, 174 [294 Pac. 396].) The question of the credibility of the witness whose testimony given during the trial of this action was sought to be impeached in the manner described was one that was confided exclusively to the determination of the trier of facts. (27 Cal. Jur., p. 182; *Secondo* v. *Secondo,* 218 Cal. 453 [23 Pac. (2d) 752]; *Bitsekas* v. *Parechanian,* 67 Cal. App. 148 [226 Pac. 974]; *Biurrun* v. *Elizalde,* 75 Cal. App. 44 [242 Pac. 109]; *Turner* v. *Whittel,* 2 Cal. App. (2d) 585 [38 Pac. (2d) 835]; *Cardoza* v. *West American Com. Ins. Co.,* 6 Cal. App. (2d) 500 [44 Pac. (2d) 668]; *Bates* v. *Escondido Union H. S. Dist.,* 9 Cal. App. (2d) 43 [48 Pac. (2d) 728].) It is not the function of a reviewing court to determine the proper weight to be given to evidence or the credibility of witnesses.

Application of these principles to the single question raised on this appeal precludes reversal of the judgment.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.