[S. F. No. 17368. In Bank. May 23, 1947.]

EDITH R. BEBBINGTON, Respondent, v. CALIFORNIA WESTERN STATES LIFE INSURANCE COMPANY (a Corporation), Appellant.

Campbell, Hayes & Custer, Edwin J. Owens and Austen D. Warburton for Appellant.

James F. Boccardo and Edwin H. Williams for Respondent.

CARTER, J.—Plaintiff brought this action to recover as beneficiary of a $2,000 life insurance policy which had been

issued by defendant to her now deceased son. Trial had before a jury resulted in her favor and judgment was entered awarding her the full amount of the policy. Defendant has appealed from the judgment.

One issue is determinative of the appeal.. Attached to the policy was a rider providing that in the event of the death of the insured as a result of airplane travel other than as a fare-paying passenger in licensed aircraft flying a regular scheduled passenger flight, the liability of defendant should be limited to the reserve of the policy. Defendant, by answer, asserted that the proofs of death submitted by plaintiff showed that the assured died in an airplane accident while flying a United States Army plane, thus making operative in defendant's favor the limitation of liability contained in the exclusion clause of the rider.

The burden of proof was on defendant to establish this defense and show the circumstances which brought the death within the exclusion clause. (*Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 425 [213 P. 42, 26 A.L.R. 123]; *Rossini* v. *Saint Paul Fire etc. Co.*, 182 Cal. 415 [188 P. 564]; *Postler* v. *Travelers Ins. Co.*, 173 Cal. 1 [158 P. 1022]; *Witherow* v. *United Am. Ins. Co.*, 101 Cal.App. 334, 336 [281 P. 668]; *Mattson* v. *Maryland Casualty Co.*, 100 Cal.App. 96, 98 [279 P. 1045].) Failure of proof on this issue requires affirmance of the judgment for plaintiff. Defendant was able to show that the deceased was killed in an airplane crash, but failed to show that he was not riding as a passenger in a licensed passenger aircraft at the time.

Defendant offered in evidence a form filled out by plaintiff as proof of death, stating that her son had been killed in an "airplane crash" near Orlando, Florida, together with certain documents which plaintiff had submitted at defendant's request, that is, a telegram from one "McNeil COAPBR" informing her of the death "as a result of an aircraft accident near Orlando"; a letter of condolence from an Army captain saying that decedent was a "valuable member of this squadron and was engaged in training pilots and their crews for combat at the time of his death"; a Florida death certificate giving as cause of death "accident . . . in a wooded area . . . while at work . . . plane crash"; an Employer's or Friend's Statement filled out by one Woods on a form furnished by defendant, stating that the deceased had been an aviation pilot in the Army and giving as the cause

of death "aircraft accident while on an X mission, accident caused by interceptor plane"; and newspaper clippings telling of the airplane collision.

Objection was made to the admission of these documents on the ground that they were hearsay. The court received in evidence the proof of death (Defendant's Exhibit A), but excluded the other documents (Defendant's Exhibits B to F for Identification). The ruling that these several documents were hearsay statements and, as such, were inadmissible, was correct. Obviously, the newspaper clippings, letter, and telegram were written hearsay. Upon no theory could they be brought within the liberalizing provisions contained in sections 1953e-1953h of the Code of Civil Procedure, particularly section 1953f, which provides that "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." None of the requirements of this section were met.

██ Neither was the so-called "Friend's Statement" admissible to prove the affirmative defense. It was made by a resident of Hayward who had no knowledge other than that afforded by the other documents and the statements of the mother. In answer to the question "What was the cause of death . . . State fully all that you know or *have heard* . . .," it merely said, "Aircraft accident while on an X mission. Accident caused by an interceptor plane." There was no offer to show the meaning of "X mission."

██ The death certificate, even if admissible (see 159 A.L.R. note p. 191), to show the cause of death, that is, bodily injuries received in plane crash (and that fact is not disputed), was valueless to prove any fact relevant to the affirmative defense that the aircraft was not a regularly scheduled passenger plane. Other than as indicating the cause of death its recitals were extraneous hearsay statements of prior events.

██ Another document was offered and excluded as hearsay, but by inadvertence it was not copied into the transcript. It was later made a part of the record by the granting of a petition to augment when the cause was before the

District Court of Appeal. It consists of a certified statement of a major general, dated March 15, 1945, to the effect that Army records show that the deceased died from injuries "sustained in an aircraft accident, while on authorized flight in a military plane." The certificate was not in proper form to bring it within an exception to the hearsay rule in that it was not a certified copy of a record but merely an officer's statement of what the record showed. A later certificate, dated April 27, 1945, was in a more acceptable form and it might have been admissible (see *Loper* v. *Morrison*, 23 Cal.2d 600, 607 et seq. [145 P.2d 1]; *Gunter* v. *Claggett*, 65 Cal.App.2d 636, 643 [151 P.2d 271]; *Armit* v. *Loveland*, 115 F.2d 308; Wigmore on Evidence, 3d ed., § 1675a, pp. 726-728); however, this certificate was not executed or presented to the trial court until after the entry of the judgment herein on April 20, 1945, and it never became part of the present record. It is mentioned here because it was erroneously transmitted to the clerk of the District Court of Appeal by the clerk of the trial court and this led to a confusion of the two certificates when the cause was heard in the District Court of Appeal.

It cannot be said that the trial court should have received the excluded documents as admissions because they had been sent to defendant with the proof of death form given by plaintiff. Where a policy requires the submission of proofs of death, a plaintiff is not to be held, because of her compliance with the requirements, to have accepted as her own the recitals or declarations contained in the data submitted (*Mar Shee* v. *Maryland Assurance Corp.*, 190 Cal. 1, 6 [210 P. 269]; *Justice* v. *Inter-Ocean Casualty Co.*, 108 Cal. App. 267 [291 P. 436]). Here the defendant required the furnishing of proofs of death, and in addition the Oakland manager asked plaintiff to send him the telegram and newspaper clippings.

When plaintiff's deposition was taken she was asked the question: "And at the time he was not riding in a commercial plane with a licensed pilot, was he?" to which she replied, "No, he was not," but she also testified in answer to the question, "Now you don't know how your son died? A. No. I wasn't there." She was asked, "When you sent in your proof of loss did you have any first hand information of the manner in which your son's death came about?" and answered, "No. Only the clipping in the paper and the death

certificate.'' Also in response to the question, ''It is your understanding that he died in an aviation accident?,'' she said ''As far as I know.'' This testimony made it evident, and the fact stands uncontradicted, that plaintiff had no information concerning the death other than the hearsay statements contained in the excluded documents.

Moreover, it will be noted that even if the excluded documents had been admitted in evidence, there is no statement in any of them to the effect that the son was not a passenger in a licensed plane at the time of his death. In short, defendant simply failed to prove the essential fact which would make operative the exclusion clause of the rider.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

Appellant's petition for a rehearing was denied June 19, 1947. Schauer, J., and Spence, J., voted for a rehearing.