[Civ. No. 15885. Second Dist., Div. Two. July 9, 1947.]

ROY WILBUR, Appellant, v. KLAUS KEMP et al., Respondents.

Y. B. Arsen for Appellant.

McGee & Smith and John W. Watling, Jr., for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover money alleged to be due for the performance of labor and the furnishing of materials, plaintiff appeals.

Disregarding conflicting evidence the record discloses substantial evidence to sustain these facts:

Plaintiff and defendant Mecham were partners in the ownership of a rod mill. Defendant Mecham introduced to

plaintiff defendants Scott and Moffett, who knew where there was a mine which could be leased. On August 22, 1944, these four men entered into an agreement to secure a lease on the mine and organize a corporation. The parties were to receive the following number of shares of stock in the corporation: "Wilbur, 25% (1250 shares), Mecham, 25% (1250 shares), Scott, 10% (500 shares), Moffett 10% (500 shares)."

A lease was secured upon the mine for $600, $400 of this amount being paid by defendant Mecham, and $200 by plaintiff. Prior to the securing of the lease the parties had started to build a road to the mine about September 27, 1944. This road was completed about January 15, 1945. Plaintiff furnished most of the equipment and did most of the work on the road. He was assisted by defendant Scott and defendant Moffett who did the cooking for himself and his associates.

On February 16, 1945, a Nevada corporation was organized under the name of Condor Mines, Incorporated. The lease which had been obtained on the mine was assigned to the corporation and stock was issued to each of the parties as provided in the agreement mentioned above. In addition defendant Dibblee was sold 600 shares of treasury stock for the sum of $5,000 cash. Defendant Mecham sold 200 shares of his stock to a Mr. Kemp for $2,000. It is to be noted that Mr. Kemp was not connected with the venture in any way until after the corporation was formed. It was agreed that on and after April 1, 1945, plaintiff and defendants Moffett and Scott were to receive a salary of $200 per month. This sum was paid to each of these parties until August 1, 1945. Plaintiff, however, was not paid for the period from August 1 to August 16, 1945. About the latter date the corporation ran out of money and an emergency meeting was held on August 16, 1945, to determine what should be done about the corporation's debts. Plaintiff, defendants Kemp, Mecham and Dibblee were present at such meeting.

It was concluded by the parties present that the total debts of the corporation amounted to about $1,200, whereupon defendants Kemp, Mecham and Dibblee each agreed to loan the corporation $400 to pay its debts. Mr. Kemp was to act as trustee for the others. Such sums were advanced, except that Mr. Dibblee advanced only $325.

On November 15, 1945, plaintiff sold his 1,250 shares of stock in the corporation to defendant Kemp for the sum of $1,500. At the time of this transaction plaintiff stated that

all his accounts with the corporation were settled and that he was paid in full.

Thereafter on February 11, 1946, plaintiff filed the present complaint in the form of a common count for labor performed and materials furnished to defendants. Defendants' amended answer (1) denied the material allegations of the complaint, (2) pleaded (a) payment in full, (b) the wrong choice of remedies, and (c) estoppel *in pais*. On the issues thus raised by the pleadings the trial court found in favor of defendants.

These are the only two questions necessary for us to determine:

 First: *Are the trial court's findings sufficiently specific?*

This question must be answered in the affirmative. The trial court made the following findings of fact: ''That all of the allegations of the complaint are untrue and all of the allegations in the Amended Answer are true.''

Findings in this form are sufficient. It is the rule that general findings to the effect that all the allegations of the complaint are untrue, and that all of the allegations in the answer are true constitute a sufficiently specific finding as to all of the material issues in a cause. (*Carey* v. *Brown*, 58 Cal. 180, 184; *Kendrick* v. *Gould*, 51 Cal.App. 712, 717 [197 P. 681]; *Carr* v. *International Indemnity Co.*, 58 Cal.App. 614, 617 [209 P. 83].)

 Second: *Was there substantial evidence to sustain the trial court's finding that there was not any sum of money due or owing to plaintiff?*

This question must likewise be answered in the affirmative. Defendant Kemp gave the following testimony as to his conversation with plaintiff when he purchased Mr. Wilbur's stock in November of 1945: ''I asked Mr. Wilbur if that settled all accounts of his with the corporation. I said I was putting up the money and I was buying him out and I certainly wanted to know what if any other obligations or what steps or what trouble I was facing or anything else, if anything. I asked him if he had any other claims at all. And he said, '*No, that pays me up in full. That is all there is.*' And that is when we raised the agreement up from $1000 to $1500.'' (Italics added.)

Likewise defendant Mecham in answer to questions of the trial court gave the following testimony:

"The Court: You paid him each two weeks up until that time? Why wasn't he entitled to be paid the last two weeks? A. We did the same with Mr. Moffett and Mr. Scott. They did the same thing, and they didn't get it either.

"The Court: Had they been paid right up to that time? A. Yes.

"The Court: They didn't get paid the last two weeks? A. They didn't get paid the last two weeks; all three didn't.

"The Court: Did all of you agree to take nothing for the last two weeks? A. Yes.

"Q. *Did Mr. Wilbur say he didn't expect to be paid for the last two weeks? A. Yes.*" (Italics added.)

Clearly the foregoing testimony which the trial judge apparently believed was substantial evidence to sustain the finding that defendants did not owe plaintiff any sum of money.

It is elementary that an appellate court will disregard conflicting testimony in determining whether there is substantial evidence to sustain a finding of fact. (*Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424].)

In view of our conclusions it is unnecessary to consider other questions argued by counsel since it is apparent that there is a clear failure by plaintiff to prove a material allegation of his complaint.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.